IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JOHN M. HARTY,

        Plaintiff,

vs.                                                     CIVIL NO. 09-493 GBW/LFG

UNITED STATES OF AMERICA,

        Defendant.

## ORDER GRANTING *IN FORMA PAUPERIS* STATUS AND MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION[1]

THIS MATTER is before the Court on an Order of Reference [Doc. 9] to conduct a review of *pro se* Plaintiff John M. Harty's ("Harty") Civil Rights Amended Complaint against the United States of America [Doc. 4] and the "people of" [the United States], and to determine whether Harty's Amended Complaint can withstand Fed. R. Civ. P. 12(b)(6) scrutiny.

### Request to Proceed *In Forma Pauperis*

Harty did not pay a filing fee, but, instead, submitted a Motion to Proceed In Forma Pauperis pursuant to 28 U.S.C. § 1915. The *in forma pauperis* statute authorizes a court to waive filing fees and various court costs for indigents. The intent of the statute is to guarantee that "no citizen shall be denied an opportunity to commence, prosecute, or defend an action, civil or criminal, `in any court of the United States' solely because . . . [lack of funds] makes it impossible . . . to pay or secure the costs [of litigation]." Adkins v. E.I. DuPont de Nemours & Co., 335 U.S. 331, 342, 69 S. Ct. 85, 90 (1948).

---

[1] Within ten (10) days after a party is served with a copy of this report and recommendation that party may, pursuant to 28 U.S.C. § 636(b)(1), file written objections to such report and recommendation. A party must file any objections within the ten-day period allowed if that party wants to have appellate review of the report and recommendation. If no objections are filed, no appellate review will be allowed. Plaintiff, therefore, has until **July 6, 2009** to file any objections.

Harty's motion with financial affidavit indicates that he is unemployed, resides in a shelter and has no funds with which to prosecute his action. Based on these representations, the Court deems Harty to be indigent and grants him *in forma pauperis* status.

## **Authority for *Sua Sponte* Analysis**

While Congress removed barriers to court access for indigents by enacting the *in forma pauperis* statute, it also recognized that "a litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits." Neitzke v. Williams, 490 U.S. 319, 324, 109 S. Ct. 1827, 1831 (1989); Denton v. Hernandez, 504 U.S. 25, 31, 112 S. Ct. 1728, 1732-33 (1992).

In response to this congressional concern, federal courts were specifically authorized to review an *in forma pauperis* complaint and to dismiss the complaint if Plaintiff "does not plead sufficient facts, that when taken as true, provide 'plausible grounds' that discovery will reveal evidence to support plaintiff's allegations." Gann v. Cline, 519 F.3d 1090, 1092 (10th Cir. 2008) (*quoting* Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570, 127 S. Ct. 1955, 1970, 1974 (2007)); Ridge at Red Hawk, L.L.C. v. Schneider, 493 F.3d 1174, 1177 (10th Cir. 2007); Carson v. Tulsa Police Dep't, No. 07-5030, 266 F. App'x 763, 765 (10th Cir. Feb. 21, 2008) (applying Twombly plausibility standard in § 1915 review).

More recently, in Ashcroft v. Iqbal, __ U.S. __ 129 S.Ct. 1937 (2009), the United States Supreme Court further discussed the Twombly plausibility standard:

> [a] complaint must contain sufficient functional matter, accepted as true, to "state a claim to relief that is plausible on its face." [Twombly] at 570, 127 S. Ct. 1955. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. Id. at 556, 127 S. Ct. 1955. The plausibility standard is not akin to a "probability requirement," but it asks for more than the sheer possibility that a defendant has acted unlawfully. Ibid. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between

possibility and plausibility of 'entitlement to relief.'" Id. at 557, 127 S.Ct. 1955 (brackets omitted).

Iqbal, 129 S.Ct. at 1949.

### Discussion

Harty's Amended Complaint is deficient for a number of reasons.  Initially, he seeks to prosecute this claim against the United States of America and the "people of" [the United States] under 42 U.S.C. § 1983.  This statute, however, may only be utilized when two elements are satisfied:  (1) ""the plaintiff must allege that some person has deprived him of a federal right;" and (2) "he must allege that the person who has deprived him of that right acted under color of state or territorial law." Gomez v. Toledo, 446 U.S. 635, 640, 100 S. Ct. 1920, 1923 (1980).  Harty's Amended Complaint, as pled, satisfies neither requirement.

While his Amended Complaint concludes the existence of multiple constitutional violations, he has not identified any individual who allegedly violated his rights.  Additionally, as the United States acts under color of federal law, not state law, Harty fails to satisfy the second required element of a 42  U.S.C. § 1983 claim.  *See* Gomez, 446 U.S. at 640.[2]

Harty's Amended Complaint suffers from other deficiencies.  The majority of his claims relate back to 1999 and concern his arrest, conviction, sentencing, incarceration and release from custody.  To the extent any of those claims were actionable, they are well beyond any statute of limitations cognizable for civil rights claims.  Garcia v. Wilson, 731 F.2d 640, 651 (10th Cir. 1984) (New Mexico's three-year statute of limitation applicable to § 1983 actions.)  Moreover, Harty's claims all relate to conduct allegedly committed by actors in New York State, and this Court does

---

[2] A party may bring a civil rights case against a federal officer who allegedly deprived the party of a constitutionally protected right.  *See* Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971).  However, no federal actors are involved in this case.  It appears that all of Harty's claims relate to alleged acts and omissions by State and local officials.

not have *in personam* or subject matter jurisdiction over any of those individuals, nor jurisdiction over the acts they allegedly committed.

Harty's remaining allegations fall into the category of being incomprehensible, if not bizarre. For all of the above-stated reasons, the Court concludes that Harty's amended complaint fails to meet the new pleading standard announced in Twombly and reaffirmed in Iqbal.

IT IS THEREFORE ORDERED that Harty be permitted to proceed *in forma pauperis* without payment of filing fees. [Doc. Nos. 3, 5.]

### Recommendation

(1) that Harty's lawsuit be DISMISSED without prejudice;[3] and (2) that Harty's Motion to Stay [Doc. 6] and Motion for Return of Property [Doc. 7] be DENIED as a result of the dismissal.

*Lorenzo F. Garcia*
Lorenzo F. Garcia
Chief United States Magistrate Judge

---

[3] While a dismissal with prejudice appears appropriate for the majority of Harty's claims, it is possible that he may have some legitimate causes of action within an appropriate statute of limitations that can be filed in another forum. Thus, to prevent absolute foreclosure of those claims, the Court dismisses the entire lawsuit without prejudice.